IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE NEIL BAKER, | : | |
| Plaintiff, | : | CIVIL NO. 4:CV-09-1429 |
| v. | : | (Judge Jones) |
| R. SAMUEL MAGEE, M.D., *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

July 28, 2009

Plaintiff Jesse Neil Baker ("Plaintiff" or "Baker"), an inmate presently confined at the Lycoming County Prison in Williamsport, Pennsylvania, initiated this *pro se* action by filing a Complaint under the provisions of 42 U.S.C. § 1983. He also filed a Motion for leave to proceed *in forma pauperis*. (Doc. 2). For the reasons set forth below, this action will be transferred to the United States District Court for the Western District of Pennsylvania, and any decision with respect to the pending Motion for leave to proceed *in forma pauperis* will be deferred to the transferee court.

## I. BACKGROUND

In his Complaint, Baker names employees of the Altoona Medical Center in Altoona, Pennsylvania as Defendants, including R. Samuel Magee, M.D.; the Medical Director; and John and Jane Does. (*See* Doc. 1 at 1). Baker alleges that, on July 27,

2007, while he was an inmate at the Smithfield State Correctional Institution ("SCI-Smithfield") in Huntingdon, Pennsylvania, he was admitted to the Altoona Medical Center under Dr. Magee's care. (*Id.* at 3). He alleges that, in late July or early August 2007, Magee performed surgery on him at the Altoona Medical Center "to correct a parastomal hernia, an obstructed bowel, & or herniated small intestine." (*See id.* at 3). Baker claims that while he was in Dr. Magee's care as an in-patient at the Altoona Medical Center following his surgery, he developed several serious infections, including a staph infection, yeast infection, and sepsis. (*See id.*). He alleges that in mid- to late August 2007, Dr. Magee released him from his care despite the fact that he was suffering from these infections and could not hold any liquids or medications in his system. (*See id.*).

Baker further alleges that, when he saw Dr. Magee in late August for a follow-up appointment, Dr. Magee said "I don't know what to do for you or what is wrong with you Jesse." (*See id.* at 4). Baker claims that he was then transferred to the intensive care unit at the University of Pittsburgh Medical Center in Pittsburgh, Pennsylvania, where blood cultures revealed that he was septic. (*See id.*). Baker alleges that he has ongoing medical problems as a result of the infections he developed after his surgery. (*See id.* at 4-5). He claims that the medical care provided

2

by Dr. Magee and other employees of the Altoona Medical Center violated his constitutional rights. (*See id.* at 4-5).

## II. DISCUSSION

It is well-established that venue for civil actions wherein jurisdiction is not founded solely on diversity of citizenship is governed by 28 U.S.C. § 1391(b), which provides as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). In this case, Baker currently is incarcerated in this district and was incarcerated in this district at SCI-Smithfield just prior to the events he sets forth in his Complaint. However, his allegations relate to the surgery and in-patient care that he received at the Altoona Medical Center in Altoona, Pennsylvania, and thus a substantial part of the events or omissions giving rise to his claims occurred there. Altoona is located in Blair County, which is in the Western District of Pennsylvania. Moreover, inasmuch as all the named Defendants are employees of the Altoona Medical Center, it is presumed that

3

none of them reside in this district. Therefore, the proper venue for this action is the United States District Court for the Western District of Pennsylvania.[1] *See* 28 U.S.C. § 1391(b).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In the interest of justice, this case will be transferred to the Western District of Pennsylvania. An appropriate Order shall issue.

                                             John E. Jones III
                                             United States District Judge

---

[1] This Court transfers this action without passing any judgment on the merits of Baker's claims.